## CALL et ux. v. AMERICAN LAND CO. OF TEXAS.

### No. 8403.

Court of Civil Appeals of Texas.  San Antonio.
March 26, 1930.

Rehearing Denied April 23, 1930.

Greenwood & Lewis, of Harlingen, for plaintiffs in error.

Davenport, West & Ransome, of Brownsville, for defendant in error.

FLY, C. J.

This suit was instituted by plaintiffs in error against defendant in error, and the parties will be designated respectively as plaintiffs and defendant in this court. The suit is for cancellation of a contract of sale of lot 79, in survey 295, Cameron county, containing twenty acres of land, and to recover the sum of $9,371, the amount of purchase money paid on the land and for taxes paid by plaintiffs. The cause was tried by jury and under instruction of the court they returned a verdict in favor of defendant.

It was sought to cancel the land contract and recover the money paid on it for fraud, the nature of which is not clearly set forth in the petition, and which plaintiffs state in their brief that it is not necessary to set out in the statement of the case. It is also stated in the brief: "The substance of the defense of appellees is limitations and other grounds, which it is not necessary to set out because the case was disposed of on the grounds of limitations."

The evidence did not disclose that any fraud was practiced on plaintiff, and if it had been shown to have been used to induce the sale, plaintiff knew, or should have known, of the fraud long before the suit was instituted. His testimony failed to show any cause of action, and the instruction to find for the defendant was demanded by the circumstances. The action for damages for breach of the contract was barred by the four years' statute of limitation.

Plaintiffs had failed to pay any of the vendor's lien notes given by them, and they knew that a deed would not be given until they were paid. The judgment did not cancel the contract between the parties, and it occupies the same position that it did before the suit was instituted. The land in Missouri was heavily incumbered, which had been given as part payment on the Texas land. An offer was made to reconvey the Missouri land to plaintiffs, but J. T. Call swore: "I just laughed at him when he said he would give it back to me, and told him the land was too far away from home." He admitted: "I had agreed to convey the Missouri land under certain terms and conveyed it under different terms. I was to pay some vendor's lien notes on the 20 acres of land in Cameron County. I never did pay any of those notes or the interest on them." He admitted that a deed was shown him dated March 26, 1923, executed by O. E. Stuart, reconveying the 120 acres of Missouri land to him. The land was incumbered with mortgages in the sum of $7,500. There was an utter failure on the part of plaintiffs to make out a case against defendant, and there was no error in instructing a verdict for defendant.

The judgment is affirmed.